UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM L. MANNING, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-421-JTM-JEM |
| HERSHBERGER, et al., | |
| Defendants. | |

**OPINION AND ORDER**

William L. Manning, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Manning alleges that on September 7, 2023, he was placed in a jail transport van to be taken from the Allen County Jail to the hospital for his weekly chemotherapy treatment. (DE # 1 at 2.) He asked Officer Barnfield if he could sit in one of the seats with a seatbelt, but the officer closed the van door, ignoring him. Manning was left in the back, where there were no seatbelts. He alleges that when Barnfield turned out of the jail parking lot, he raced across four lanes of traffic and then suddenly made a sharp

turn without braking. Manning says that, without a seatbelt, he was thrown against the wall and hit his head and shoulder. He alleges everything from the waist up on his right side hurt from hitting the metal wall of the van. Manning alleges there is a camera that allowed Barnfield to see him getting thrown around, but he didn't stop to check if Manning was okay.

On his way back to the jail after his treatment, Manning alleges that he again asked to sit in a seat with a seatbelt, but Barnfield made him sit in the back where there are no seatbelts. He sues Barnfield, the driver of the van, and Sheriff Hershberger for employing Barnfield.

As a pretrial detainee, the Fourteenth Amendment protects Manning from objectively unreasonable care towards a substantial risk to his health or safety. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). However, courts have held that the failure to use a seatbelt, without more, does not present a substantial risk to health or safety. *See Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019) (collecting cases). The lack of a seatbelt must be combined with an action or inaction by the defendant done with purposeful, knowing, or reckless disregard of the consequences to Manning's safety. *Miranda*, 900 F.3d at 353. Negligence is not enough; the Fourteenth Amendment does not turn a every accident into a constitutional violation. *Id.*; s*ee Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" (quoting *Parratt v. Taylor*, 451 U.S. 527, 548 (1981)). In determining whether a challenged action is objectively unreasonable, the court must

2

consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Here, Manning points to only one instance of unsafe driving in the trip to and from the hospital. Courts requires more than that to allow an inference that the defendant's conduct rose above negligence and demonstrated reckless disregard for a detainee's safety. *Compare Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 107 (4th Cir. 2017) (finding a reasonable jury could conclude plaintiff was exposed to a substantial risk of serious harm based on evidence that "he was fully shackled, unable to brace himself for impact, and sitting without a seatbelt, in a vehicle that was speeding and being driven in a way intended to scare and injure him, by a driver who refused both his requests to be seatbelted and to slow down"), *and Edwards v. David*, No. 15-CV-9086, 2017 WL 2653077, at *1, *5 (N.D. Ill. June 20, 2017) (concluding police officer's conduct was objectively unreasonable when he drove through construction zone at high rate of speed, continually took eyes off road to interrogate plaintiff, passed two semitrucks recklessly in the construction zone, and crashed into the construction barrier, injuring plaintiff who was handcuffed and not wearing a seatbelt), *with Sealey v. Seery*, No. 922CV726LEKCFH, 2023 WL 8436024, at *4 (N.D.N.Y. Oct. 24, 2023), *report and recommendation adopted,* No. 922CV726LEKCFH, 2023 WL 8061185 (N.D.N.Y. Nov. 21, 2023) ("Plaintiff has alleged no facts beyond the absence of seatbelts and 'driving at a high speed' that would suggest that he was exposed to conditions posing an unreasonable risk of serious harm."), *and Karmue v. Moore*, 654 F. Supp. 3d 118, 134 (D.R.I. 2023) ("Here, the incident involved, at worst, Deputy Moore's attempt to beat a

3

light before it turned red—an unsafe but frankly common maneuver that is dissimilar to the consistently erratic and highly dangerous driving that has led other courts to find a constitutional violation, clearly established or otherwise."). Therefore, Manning may not proceed against Officer Barnfield or Sheriff Hershberger for a claim based on an objectively unreasonable risk to his safety during transport.

Manning also complains about the medical care he received after he was injured in the transport van. First, he alleges Barnfield did not check on him after he was first injured. Then, he says the Nurses Staff Administration and an unidentified doctor did not take him to the emergency room to get looked at, despite his complaints that his neck and back hurt.

To establish a violation of the right to adequate medical care under the Fourteenth Amendment, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). There are no facts alleged that allow a reasonable inference that Manning needed emergency treatment after he was first injured. Thus, he has not plausibly alleged that Barnfield's failure to check on him right away was objectively unreasonable. Additionally, the grievances attached to the complaint show that Manning received some care for his injuries, just not the care that

4

he sought. He does not describe his interactions with the medical staff to allow an inference that the care he did receive, even if not the care he wanted, was objectively unreasonable. "An inmate is not entitled to demand specific care, and medical professionals may choose from a range of acceptable courses based on prevailing standards in the field." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citations omitted). Without knowing more about the treatment Manning received, there is no reasonable basis to infer that the decision not to send him to an emergency room was objectively unreasonable.

This complaint does not state a claim for which relief can be granted. If Manning believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Finally, Manning filed a motion to vacate the judgment and reopen the case under Federal Rule of Civil Procedure 60(b). (DE # 11.) The motion is denied as moot because this case remains open and was never closed.

5

For these reasons, the court:

(1) **GRANTS** William L. Manning until **May 6, 2024**, to file an amended complaint;

(2) **CAUTIONS** William L. Manning if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted; and

(3) **DENIES** the motion (DE # 11) as moot.

**SO ORDERED.**

Date: April 22, 2024

<u>s/James T. Moody</u>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT