UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM L. MANNING, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-421-JTM-AZ |
| BARNFIELD, | |
| Defendant. | |

OPINION AND ORDER

William L. Manning, a prisoner without a lawyer, filed an amended complaint. (DE # 13.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Manning alleges that when he was a pretrial detainee at the Allen County Jail, he was injured while being transported to the hospital on September 7, 2023, for his weekly chemotherapy treatment. He details that a jail employee, Barnfield, put him in a jail transportation van without putting a seat belt on him. When Manning asked to wear a seatbelt, Barnfield told him there wasn't one. Manning looked around and noticed

that there were some seat belts in the middle seats and asked again to be put in a seat with a seat belt. Banfield just closed the doors, leaving him without a seatbelt.

When Barnfield left the jail parking lot, Manning reports that Barnfield raced across four lanes of traffic without braking, and then made a sharp left turn. Because he was in cuffs and chains and could not brace himself, Manning was thrown back and slammed into the back wall of the van. He injured his right shoulder and lower back and still suffers pain from those injuries. When Manning complained to Barnfield about those injuries, Barnfield responded, "I don't see why putting you in a seatbelt would matter." (DE # 13 at 5.)

Under the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). This means that the Fourteenth Amendment protects pretrial detainees from objectively unreasonable care towards a serious risk to their health or safety. *Pittman v. Madison Cnty.*, No. 23-2301, -- F.4th --, 2024 WL 3422729, at *7 (7th Cir. July 16, 2024). An officer, first, must have "intended to commit the physical act that caused the alleged injury." *Id.* at *6. But once that threshold is crossed, the inquiry is purely objective: whether "reasonable officers under the circumstances would have understood the high degree risk involved" in the actions the defendant took or deliberately failed to take. *Id.* at *7 (emphasis omitted). "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted). Manning may proceed against Barnfield on a claim under the Fourteenth

Amendment that it was objectively unreasonable for him to cut across four lanes of traffic without braking to take a sharp left turn after refusing Manning's request to sit in an available seat with a seat belt.

Manning may not, however, proceed against the remaining defendants. As to Sheriff Hershberger, Manning alleges only that the sheriff hired Barnfield. But a defendant cannot be held liable just because he employed someone who caused harm. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). There are no allegations that allow a reasonable inference that Sheriff Hershberger was aware that Barnfield drove recklessly and facilitated it, approved it, condoned it, or turned a blind eye to it so as to hold him liable for his own conduct towards the risk of harm. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (quotation marks and citation omitted) ("Section 1983 does not allow actions against individuals merely for their supervisory role of others. To be liable, a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.").

Manning also sues the Nurses Staff Administration and the Doctor at the Allen Count Jail, but the body of the complaint does not mention them. The complaint provides no basis to hold them liable, so they will be dismissed.

For these reasons, the court:

(1) **GRANTS** William L. Manning leave to proceed against Barnfield in his individual capacity for compensatory and punitive damages for cutting across four lanes of traffic without braking to take a sharp left turn after refusing Manning's request

to sit in an available seat with a seat belt on September 7, 2023, in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Hershberger, Nurses Staff Administration, and Doctor;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Barnfield at the Allen County Jail, with a copy of this order and the complaint (DE # 13);

(5) **ORDERS** the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Barnfield to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 7, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT