**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

WILLIAM L MANNING,

      Plaintiff,

          v.

BARNFIELD,

      Defendant.

CASE NO. 1:23-CV-421-HAB

## OPINION AND ORDER

Plaintiff William L. Manning ("Manning"), proceeding without a lawyer, has failed to comply with two court orders in this case he is pursuing against Defendant Barnfield. In October 2025, the Court referred this case to Magistrate Judge Andrew Teel for the sole purpose of conducting a settlement conference. (ECF 40). Magistrate Judge Teel ordered the parties to appear for a settlement conference on January 13, 2026. (ECF 41). Manning, then incarcerated at Westville Correctional Facility, was permitted to appear via video conference. (*Id.*). After Manning wrote Magistrate Judge Teel that he might be released by the time of the settlement conference, he was ordered to appear in person if that occurred. (ECF 43, 44). But Manning failed to appear for the settlement conference, either in person or virtually. (ECF 45).

On January 14, 2026, Magistrate Judge Teel ordered Manning to show cause on or before January 28, 2026, why he failed to appear for the settlement conference. (ECF 46). That order warned him that failure to comply could result in sanctions up to and including dismissal of this case. (*Id.*). More than three months have passed, and Manning has still not responded to that order. The Court's mail informing him of the show cause order was returned as undeliverable because he was released from Westville. (ECF 47, 48). Manning never provided the Court a new address.

This Court "generally ha[s] broad authority to dismiss a case for failure to prosecute." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). The Court's power to do so is inherent, even if done *sua sponte*. Harrington *v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006); *Webber v. Eye Corp.*, 721 F.2d 1067, 1068 (7th Cir. 1983). But because dismissal is such a harsh sanction, such an action is only appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *GCIU Emp. Ret. Fund v. Chi. Trib.,* 8 F.3d 1195, 1199 (7th Cir.1993).

The Court finds that Manning has failed to prosecute his case and dismissal is warranted. Manning knew the date of the settlement conference and failed to appear. When he was ordered to show cause, he never responded. Manning likely never saw the show cause order because he never provided the Court updated contact information after his release. The Court understands that this lack of notice may have precluded Manning from complying with the show cause order. But that is also not the Court's problem. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Eleza L. Rodriguez, Plaintiff, v. Lear Corp., Defendant.*, No. 1:24-CV-561-HAB-ALT, 2025 WL 4033400, at *3 n. 2 (N.D. Ind. Oct. 14, 2025) (citation omitted), *report and recommendation adopted sub nom. Rodriguez v. Lear Corp.*, No. 1:24-CV-561-HAB-ALT, 2025 WL 3458487 (N.D. Ind. Dec. 2, 2025).

This case has been ongoing for three years. Discovery closed ten months ago and the dispositive motion deadline passed eight months ago. (ECF 38). In that time, Manning has ignored two court orders, failed to explain his non-compliance, and taken no further steps to advance his case. The Court warned Manning that dismissal might result if he failed to comply with court

orders. He has had time to recognize his mistakes, update his contact information, and resume prosecuting his case. Alas, he has not.

The Court orders that this case be DISMISSED WITH PREJUDICE.

**SO ORDERED** on April 15, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT